JEFFREY TURNER,

            Plaintiff,

            v.                              Case No. 26-cv-0236-bhl

COUNTY OF EAU CLAIRE,
EAU CLAIRE POLICE DEPARTMENT, and
EAU CLAIRE DISTRICT ATTY OFFICE,

            Defendants.

## SCREENING ORDER

Plaintiff Jeffrey Turner, who is currently serving a state prison sentence at Fox Lake Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Turner's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Turner has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Turner has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $25.58. Turner's motion for leave to proceed without prepaying the filing fee will be granted.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a

complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### THE COURT'S ANALYSIS

Turner's complaint is long on legal conclusions but short on factual content. He asserts only that he was arrested without probable cause and that, although his supervised release was revoked, the charges for possession of methamphetamines were eventually dismissed. However, the complaint contains no information about the circumstances of his arrest or why the charges were dismissed. Without this factual content, Turner fails to satisfy Fed. R. Civ. P. 8 because he has not provided Defendants notice of the factual basis of his claim. *See Iqbal*, 556 U.S. at 678 ("The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). The Court will give Turner the opportunity to file an amended complaint that alleges who was involved, what that person did or did not do to violate his rights, and how he was impacted. Turner should not include legal jargon or citations to cases. He simply needs to explain what happened. For example,

he should state where he was when he was arrested, what he was doing, who arrested him, the basis for his arrest, and why the criminal charges were eventually dismissed.

Although the complaint itself is deficient under Fed. R. Civ. P. 8, the Court observes that Turner attached several documents to his complaint, which appear to provide some of the details missing in Turner's complaint. That said, it is not the Court's job to review exhibits to identify claims. As such, the Court will leave it to Turner to provide notice of the basis of his claim. As Turner prepares his amended complaint, he is reminded that under Fed. R. Civ. P. 11, when he files his amended complaint, he is certifying that the factual contentions in the amended complaint have evidentiary support. The attachments to his complaint would appear to undercut any claims that Turner's rights were violated.

According to the October 24, 2023 state court criminal complaint filed with Turner's complaint in this case, two Eau Claire police officers were dispatched at about 2 a.m. in response to a call requesting a wellness check for a man lying on the ground outside a bar. When they arrived, they encountered Turner, who one of the officers recognized from previous interactions. Turner appeared very intoxicated, struggled to stand and maintain his balance, and slurred his speech. One of the officers ran a records check on Turner and learned that he was on supervised release. Turner had a condition to abstain from bars and alcohol and a curfew that required him to be at his residence by 10 p.m. After one of the officers spoke to a supervising agent at the probation department, Turner was arrested for being in violation of his curfew. Once at the jail, he was thoroughly searched, and a substance that tested positive for methamphetamines was found in his wallet.

Turner also attached a letter from his defense lawyer. In the letter, the lawyer explained to Turner that he did not believe any violation of his rights had occurred from the time police initially contacted him until he was booked into the jail and methamphetamines were found in his wallet. Consistent with the criminal complaint, the lawyer noted that officers had the right to respond to the emergency call and that, once they recognized him, they had the right to arrest him on a probation hold based on his violation of the conditions of his extended supervision. At the jail, officers had a right to do a thorough search of Turner. The lawyer strongly encouraged Turner to accept an offer to resolve his cases, noting that if he were to plead to felony bail jumping, the methamphetamine charges would be dismissed. The lawyer concluded, "You will not get a better offer than this, you will almost certainly lose at trial . . . ." Dkt. No. 1-1 at 5.

3

The Court advises Turner that "[p]robable cause for an arrest provides an absolute defense to a false arrest claim." *Gaddis v. DeMattei*, 30 F.4th 625, 630 (7th Cir. 2022) (citing *Farnik v. City of Chicago*, 1 F.4th 535, 545 (7th Cir. 2021)). And "[p]robable cause to justify an arrest exists if the totality of the facts and circumstances known to the officer at the time of the arrest would warrant a reasonable, prudent person in believing that the arrestee had committed, was committing, or was about to commit a crime." *Abbott v. Sangamon Cnty*., 705 F.3d 706, 714 (7th Cir. 2013) (citations omitted). Turner should keep the above in mind as he considers whether to file an amended complaint and/or what allegations he can truthfully include in the amended complaint.

Finally, the Court will deny without prejudice Turner's motion to appoint counsel. At this point, all that Turner has to do is tell the Court what happened. He has the capacity to do this on his own without the assistance of counsel.

**IT IS THEREFORE ORDERED** that Turner's motion for leave to proceed without prepaying the filing fee (Dkt. No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that Turner's motion to appoint counsel (Dkt. No. 4) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that on or before **April 9, 2026**, Turner may file an amended complaint if he can cure the defects in the original complaint as described in this decision.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Turner a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Turner shall collect from his institution trust account the $324.42 balance of the filing fee by collecting monthly payments from Turner's prison trust account in an amount equal to 20% of the preceding month's income credited to Turner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Turner is transferred to another institution, the transferring institution shall forward a copy of this Order along with Turner's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

4

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Turner is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 12th day of March, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

5