JEFFREY TURNER,

       Plaintiff,

      v.                             Case No. 26-cv-0236-bhl

BRIAN LEACH,
ABIGAIL LOKKESMOR, and
TIFFANY WINTER,

       Defendants.

---

## SCREENING ORDER

---

Plaintiff Jeffrey Turner, who is currently serving a state prison sentence at the Fox Lake Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. The Court screened the complaint on March 12, 2026, and after concluding it failed to state a claim on which relief could be granted, gave Turner an opportunity to file an amended complaint, which he did on March 30, 2026. The Court will screen the amended complaint as required by 28 U.S.C. §1915A.

### SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing,

as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

**ALLEGATIONS OF THE AMENDED COMPLAINT**

According to Turner, on October 24, 2023, he was arrested by Eau Claire police officers for a probation curfew violation. The arresting officers searched Turner's person and did not find anything noteworthy. Turner asserts that "Defendant[s] lacking reasonable and probable cause made sworn complaint on oath fabricating charges of criminal activities against the plaintiff, falsely making it appear plaintiff possessed methamphetamine, and this caused and procured a warrant to be issued by the Judge . . . ." Dkt. No. 10 at 2. Turner asserts that he was "held to bail in the sum of $1,000.00 until 09/03/2025." The possession charge was eventually dismissed.

**ANALYSIS**

Turner asserts that he was maliciously prosecuted without probable cause when Officers Brian Leach and Abigail Lokkesmor allegedly lied about finding methamphetamine in Turner's wallet. Turner asserts that the possession charges brought by Assistant District Attorney Tiffany Winter were eventually dismissed on the State's motion.

According to the criminal complaint charging Turner with possession of methamphetamine,[1] Dkt. No. 1-1 at 7, Officers Leach and Lokkesmor encountered Turner in the early morning hours of October 24, 2023. Turner was struggling to stand up, maintain his balance, and communicate coherently. Officer Leach recognized Turner from previous encounters and conducted a records check, at which time he learned Turner was on extended supervision and had a condition to abstain from alcohol and bars. Officer Leach also learned that Turner was on GPS monitoring. Officer Leach contacted probation and was advised a probation hold would be placed on Turner for violating his GPS curfew. Turner was then arrested.

Officer Leach searched Turner's person incident to the arrest but did not find anything noteworthy. The officers then transported Turner to the Eau Claire County Jail where jail staff took custody of Turner and searched Turner's belongings. Officer Lokkesmor was advised by jail staff that they had located a small plastic baggie containing a white crystalline substance in Turner's wallet. Officer Lokkesmor field tested the substance and received a positive result for

---

[1] The records in the state court proceeding are the proper subject of judicial notice. *Ewell v. Toney*, 853 F.3d 911, 917 (7th Cir. 2017). Moreover, Turner filed these records in support of his original complaint and has incorporated them by reference in his amended complaint. *See* Fed. R. Civ. P. 10(c).

2

the presence of methamphetamine. Dkt. No. 1-1 at 7-8; *see id.* at 11 (Officer Leach's report explaining that, after jail staff took custody of Turner and his belongings, Officer Leach was informed that jail staff found what they believed to be methamphetamine in Turner's wallet).

Turner fails to state a claim against Defendants for malicious prosecution, which is "sometimes referred to as a claim for unreasonable seizure pursuant to legal process," for several reasons. *Thompson v. Clark*, 596 U.S. 36, 42 (2022). First, Officers Leach and Lokkesmor did not arrest Turner because they found methamphetamine in his wallet. They arrested him because probation placed him on a hold for violating the terms of his supervision. Turner acknowledges that the methamphetamine was found *after* he was arrested, so that discovery cannot have been the reason for his arrest. Next, the officers cannot be liable for falsely claiming that they found methamphetamine in Turner's wallet because they made no such claim. According to the officers' report and the criminal complaint, both officers stated that they were advised after jail staff took custody of Turner that *jail staff* found methamphetamine during a search of Turner's wallet. Officers Leach and Lokkesmor are not liable simply because they relied on information given to them by jail staff, especially because the amended complaint includes no factual content suggesting that their reliance on jail staff's representations was unreasonable.

Finally, Turner does not appear to have suffered any cognizable harm because of these charges. According to the court records for *Wisconsin v. Turner*, Eau Claire County Case No. 23CF1112, the criminal complaint was filed on October 24, 2023. A signature bond for $1,000 was set *and signed for* by Turner that same day. However, the docket notes that Turner was on a probation hold, so it does not appear that he was immediately released. Turner asserts that he was confined until September 3, 2025 on these charges, but court records show that on November 27, 2023, just a month after Turner was charged with possession, a new criminal complaint was filed in *Wisconsin v. Turner*, Eau Claire County Case No. 2023CF1204, charging Turner with felony bail jumping. A new signature bond for $1,000 was set and signed for by Turner that same day. The possession charges were dismissed upon the State's motion on August 29, 2025, and Turner was found guilty at trial of the bail jumping charge on September 3, 2025.

To put it simply, the time Turner spent in custody was not related to the possession charges as Turner implies in his amended complaint but was related to probation holds and/or the bail jumping charge for which Turner was ultimately convicted. Turner therefore cannot recover damages for the time he spent in custody after his October 24, 2023 arrest. *See also Turner v. Fox*

3

*Lake Corr. Inst.*, No. 26-cv-0361 (E.D. Wis.), Dkt. No. 1-1 at 1-4 (report from administrative law judge on revocation hearing, noting that Turner "was released on bond" after he "admitted he had methamphetamine in his pocket when he was arrested on October 24, 2023" and awarding custody credit to Turner for dates he was incarcerated during his extended supervision, including from October 24 to November 13, 2023, November 15-16, 2023, and continuously from November 24, 2023 until he was transferred into state custody); *see Ewell v. Toney*, 853 F.3d 911, 917 (7th Cir. 2017) (explaining that "a section 1983 plaintiff may not receive damages for time spent in custody, if that time was credited to a valid and lawful sentence").

**IT IS THERFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 24th day of April, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

This order and the judgment to follow are final.  Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment.  *See* Fed. R. App. P. 3, 4.  This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).  If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome.  If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court.  *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious.  *See* 28 U.S.C. §1915(g).  If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury.  *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b).  Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment.  Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment.  The Court cannot extend these deadlines.  *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

---

4